IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| LISA HIPP and MARK HOWERTON, | ) ) | |
| Plaintiffs, | ) ) | No. C08-1005 |
| vs. | ) ) | ORDER |
| COLTS DRUM AND BUGLE CORPS, ROBERT LAUGHLIN, GINA LAUGHLIN, GREG ORWELL, VICKI SCHAFFER, KIM HUCKSTADT, and MAQUOKETA CSD, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' resisted Motions for Summary Judgment, filed March 2, 2009. Granted in part and denied in part.

Plaintiffs Lisa Hipp and Mark Howerton, citizens of Missouri and parents of then minor child RH, bring this action against defendants Colts Drum and Bugle Corps (Colts), an Iowa corporation with its principal place of business in Dubuque, Iowa, Robert and Gina Laughlin, Greg Orwoll, Vicki Schaffer, Kim Huckstadt, and the Maquoketa School District, all citizens of Iowa, seeking damages for claimed interference with parental rights, breach of fiduciary duty, violations of IC §§ 710.8 and 710.9 (harboring a runaway child), and violations of 42 USC §1983 (against the Maquoketa CSD only).[1] The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §§1331 and 1332.

---

[1] Defendants Huckstadt and Maquoketa CSD have been dismissed by stipulation, and plaintiffs have withdrawn their claim for breach of fiduciary duty (plaintiffs' brief at p. 6 (docket #29).

Upon the dismissal of Huckstadt and Maquoketa CSD, and plaintiffs' withdrawal of the claim for breach of fiduciary duty, plaintiffs' remaining claims are intentional interference with parental rights in violation of Iowa common law, and violations of IC §§710.8 and 710.9.

Plaintiffs assert that upon learning of the Colts through RH's high school band program in Missouri, RH auditioned for, and was subsequently invited to participate in the Colts' program. He participated in the Colts' 2007 summer program, staying with the Laughlins as a summer host family. At the conclusion of the program, he returned to his home in Missouri on August 5, 2007. Thereafter, his parents assert they noticed behavioral changes, and RH subsequently ran away from home with involvement and participation from defendants, forming the basis of plaintiffs' claims.

Defendants Colts, Orwoll (Executive Director of the Colts) and Schaffer (Youth Director of the Colts) seek summary judgment, urging that plaintiffs cannot establish the essential elements of their claims, specifically asserting that they did not wilfully act, compel or induce RH to leave his parents, or remain away from them, and that they did not harbor him with the intent of allowing him to remain away from home against his parents' wishes. Defendants further assert that plaintiffs cannot recover on their claim for loss of consortium as there is no allegation of proximate cause of any injury to RH. Defendants also urge that plaintiffs cannot recover attorneys' fees and expenses, as fees are not listed as

2

a recoverable item of damage under IC§ 710.9, nor did defendants' conduct rise to the level of conduct required to sustain an award of fees under common law.

Defendants Robert and Gina Laughlin seek summary judgment, asserting that plaintiffs cannot establish that they harbored RH with the intent of allowing him to remain away from his parents against their wishes, nor establish that they compelled or induced RH to leave his parents. They further urge that attorneys' fees are not recoverable under IC §710.9, and their conduct did not rise to the level required to sustain a fee award at common law. Additionally, they assert that plaintiffs cannot recover on their loss of consortium claim for want of an injury to RH.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

The elements of a claim of interference with parental rights are:

(1) the plaintiff has a legal right to maintain a parental relationship with the minor child, (2) the defendant took some action or affirmative effort to abduct the child

3

or to compel or induce the child to leave the plaintiff's custody, (3) the abducting, compelling or inducement was willful, and (4) the abducting, compelling, or inducing was done with notice or knowledge that the child had a parent whose rights were thereby invaded and who did not consent. Wolf v. Wolf, 690 NW2d 887, 892 (IA 2005).

As to plaintiffs' claim of harboring a runaway child in violation Iowa law, IC §710.8(3) provides in part: A person shall not harbor a runaway child with the intent of allowing the runaway child to remain away from home against the wishes of the child's parent....

IC §710.9 provides for a private right of action thereon, for expenses sustained in the search for the child, and for damages sustained due to physical or emotional distress due to the absence of the child, and for punitive damages.

Upon review and in light of the applicable standard, it is the court's view that there exist disputed issues of material fact, and therefore the motion shall be denied except as to the withdrawn claim noted above. The court notes that as to plaintiffs' damages claim, it appears plaintiffs rely upon IC §710.9, and not upon any allegation that there existed an injury to RH for which they seek damages for loss of consortium, and therefore the court need not address the objection to a lost consortium claim based upon the absence of injury. See plaintiff's brief at p. 17-18.

It is therefore

ORDERED

Motion for Summary Judgment granted as to claims for breach of fiduciary duty, and denied as to all other claims.

November 6, 2009.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT